**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| TERRY WHITING, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:26-cv-986-CDL-AGH |
| GREG COUNTRYMAN, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

*Pro se* Plaintiff Terry Whiting, an inmate in the Muscogee County Jail in Columbus, Georgia, filed a complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff then filed an additional complaint under a separate civil action number that has now been consolidated into this case. Order to Consolidate Case, Sept. 4, 2026, ECF No. 5; Consolidated Compl., ECF No. 6. Plaintiff seeks leave to proceed *in forma pauperis* (IFP) (ECF No. 3). As explained below, Plaintiff's request to proceed IFP is **GRANTED** and he must now recast his complaint.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). Mot. IFP 1-3, ECF No. 3. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**. However, a prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If he has insufficient assets, the court must assess an initial partial filing fee based on the assets available.

Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is unable to pay an initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I. Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act (PLRA), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal

of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). A *pro se* prisoner's complaint is subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *Id.*

Plaintiff's claims appear to stem from an altercation with another inmate, during which he allegedly received injuries to his leg and arm. Compl. 5, ECF No. 1; Consolidated Compl. 5. Plaintiff complains that jail officials required him to remain in the jail dorm with an injured arm and foot for four days before being taken to a

hospital, where providers discovered that he required surgery on his arm. Compl. 5-7; Consolidated Compl. 5. Plaintiff names Sheriff Greg Countryman, First Class Medical Health Services, and Doctor Thomas as Defendants. Compl. 1; Consolidated Compl. 1, 4. Plaintiff's allegations are construed as claims against all defendants for deliberate indifference to a serious medical need.

First, Plaintiff's only allegations as to Defendant Dr. Thomas is that she "seen [his] arm it was black and swollen she sent me straight to the hospital." Compl. 7. To state a deliberate indifference to a serious medical need claim, Plaintiff's factual allegations must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). A broken arm and foot can be considered a serious medical need; thus, Plaintiff has met the first element of his claim.

Second, to establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that his own conduct put the inmate at substantial risk of serious harm[;]" (2) disregarded that risk; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal

law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839).

Third, the final prong requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citation omitted) (explaining that "as with any tort claim, [the plaintiff] must show that the injury was caused by the defendant's wrongful conduct").

Here, Plaintiff alleged that Defendant Thomas sent Plaintiff to the hospital upon observing his injured arm. Compl. 7. This bare-bones allegation does not indicate that Defendant Thomas was deliberately indifferent or suggest causation between any deliberate indifference and Plaintiff's injuries. Rather, Plaintiff's allegations indicate that Defendant Thomas ensured that Plaintiff received the medical care he required. Because Plaintiff fails to satisfy the second and third elements of a deliberate indifference to a serious medical need claim as to Defendant Thomas, Plaintiff's claims against her are subject to dismissal.

As to Defendant Sheriff Countryman, Plaintiff did not allege that Countryman was personally involved in the events giving rise to his claims or that Countryman was even aware of the events surrounding Plaintiff's injury. Compl. 5-7; Consolidated Compl. 5. A plaintiff must connect his factual allegations to a specific defendant; without that connection, the defendant and claims are subject to dismissal. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal of defendants that plaintiff failed to connect to any alleged constitutional

violation). Because Plaintiff does not link his claims to Defendant Countryman, his claims against Countryman are subject to dismissal.

To the extent that Plaintiff brings claims against Defendant Countryman in his supervisory role as Sheriff, Plaintiff still fails to state a viable claim. It is well-settled in the Eleventh Circuit that supervisory officials cannot be held liable under § 1983 solely on the basis of respondeat superior or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (internal quotation marks and citation omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Instead, to establish liability against a supervisor, a plaintiff must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation. *Keating*, 598 F.3d at 762. A causal connection can be established by facts showing that the supervisor personally participated in the alleged constitutional violation, directed their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them. *Id.*

Here, Plaintiff made no showing of a causal connection between Defendant Countryman's actions as supervisor and the medical care of which Plaintiff complains. Therefore, Plaintiff's claims against Defendant Countryman in his supervisory role are subject to dismissal. *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally

participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Finally, as to Defendant First Class Health Medical Services, Plaintiff never describes who this Defendant is or what role this Defendant had in his medical treatment. The Court presumes that First Class Health Medical Services is a contracted private entity that provides medical personnel and services in the Muscogee County Jail. When a private medical contractor "performs a function traditionally within the exclusive prerogative of state," that private entity can be considered a person acting under color of state law and can be liable under § 1983. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (internal citation omitted). But a private contractor working within a prison or jail may not be held liable on the basis of respondeat superior or vicarious liability. *Id.* at 452-53. Instead, Plaintiff must allege either (1) First Class Health Medical Services was directly involved in the alleged constitutional violation, or (2) First Class Health Medical Services had a policy or custom that led to the violation of Plaintiff's rights. *Id.*; *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986). Here, Plaintiff did not allege that Defendant First Class Health Medical Services had direct involvement in his medical care or that First Class Health Medical Services had any policies or customs that resulted in a violation of his constitutional rights. Compl. 5-7; Consolidated Compl. 5. Therefore, Plaintiff's claims against First Class Health Medical Services are subject to dismissal.

In summary, as currently drafted, Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A for failure to state a claim against any Defendant. Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy these defects. *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). Plaintiff must submit a recast complaint if he wishes to proceed with this action. The recast complaint shall contain a caption that clearly identifies by name each individual that Plaintiff has a claim against and wishes to include as a Defendant. It is recommended that, when drafting his statement of claims, Plaintiff provide responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) *How* and *when* did the Defendant become aware of your injuries?

(2) *What* did this Defendant do (or not do) in response to this knowledge that was deliberately indifferent to your medical need?

(3) Is any Defendant a supervisory official, and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

Plaintiff is notified that one operating complaint is permissible, and his amended complaint will supersede the original complaint. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading). Thus, Plaintiff's amended complaint will take the place of the previous complaints (ECF Nos. 1, 6) filed in this civil action. The Court will not refer to these

previous complaints to see if Plaintiff has stated a viable claim.

Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff previously alleged it in another filing. Plaintiff is advised that if he fails to link a named Defendant to a claim, the claim will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (per curiam) (citing Fed. R. Civ. P. 20(a)) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences".).

Plaintiff must recast his complaint on the Court's standard § 1983 complaint form. Plaintiff must honestly and completely answer every question presented on the standard form. Plaintiff should state his claims as simply as possible. He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. Fed. R. Civ. P. 8. *The recast complaint cannot be longer than ten pages in its entirety*. Plaintiff should not include any exhibits or attachments or file supplements to his complaint that would take his complaint beyond this ten-page limit.

## CONCLUSION

Plaintiff's motion to proceed IFP (ECF No. 3) is **GRANTED** and he is **ORDERED** to recast his complaint on the Court's standard form as instructed above.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all documents). Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint if he wishes to proceed with this action. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. Failure to fully and timely comply with this Order may result in the dismissal of this Complaint. There will be no service of process in this case until further order of the Court.

**SO ORDERED**, this 15th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE